1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
8                    AT TACOMA

9    RANDAL HOWARD LEE,

10               Plaintiff,                    CASE NO. 3:17-CV-05337-DWC

11        v.                                   ORDER REVERSING AND
                                               REMANDING DEFENDANT'S
12   NANCY A BERRYHILL, Acting                 DECISION TO DENY BENEFITS
     Commissioner of Social Security,
13
                 Defendant.
14

15        Plaintiff Randal Howard Lee filed this action, pursuant to 42 U.S.C. § 405(g), for judicial

16   review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI")

17   and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil

18   Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by

19   the undersigned Magistrate Judge. *See* Dkt. 6.

20        After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

21   erred in his treatment of Plaintiff's testimony and the lay witness testimony. Had the ALJ

22   properly considered this evidence, the residual functional capacity ("RFC") may have included

23   additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and
24

remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On November 7, 2013, Plaintiff filed applications for SSI and DIB, alleging disability as of May 2, 2012. *See* Dkt. 9, Administrative Record ("AR") 18. The applications were denied upon initial administrative review and on reconsideration. *See* AR 18. A hearing was held before ALJ David Johnson on November 17, 2015. AR 39-100. In a decision dated December 24, 2015, the ALJ granted a partially favorable decision, finding Plaintiff disabled as of August 5, 2014. AR 18-30. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-3; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to include in Plaintiff's RFC that he can only stand and walk for four hours of an eight-hour work day; (2) failing to provide specific, clear and convincing reasons to discredit Plaintiff's testimony; and (3) failing to give germane reasons to reject lay witness testimony. Dkt. 11, pp. 1-12.

Because the ALJ found Plaintiff disabled as of August 5, 2014, the relevant time period for this case is the alleged onset date – May 2, 2012 – through the date prior to the finding of disability – August 4, 2014.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

I.      **Whether the ALJ properly assessed Plaintiff's RFC.**

Plaintiff first argues the ALJ erred by failing to include in the RFC a limitation that Plaintiff can only stand and walk for four hours out of an eight-hour work day. [1] Dkt. 11, pp. 3-6, 10-11; Dkt. 15, pp. 1-3. Specifically, Plaintiff argues the ALJ erred because the RFC limited Plaintiff to "light" work and under Social Security Ruling ("SSR") 83-10, "the full range of light work requires standing or walking, off and on, for a total of approximately [six] hours of an [eight]-hour workday." *See* Dkt. 11, pp. 5-6, 10-11 (citing SSR 83-10, 1983 WL 31251, at *6 (1983)).

An RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-9p, 1996 WL 374184, at *1 (1996). An RFC must include an individual's functional limitations or restrictions and assess his "work-related abilities on a function-by-function basis." *Id.* Furthermore, an RFC must take into account all of an individual's limitations. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Thus, an ALJ errs when he provides an incomplete RFC ignoring "significant and probative evidence." *Jones v. Colvin*, 2015 WL 71709, at *5 (W.D. Wash. Jan. 6, 2015) (citing *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012)).

Notably, however, "harmless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citation omitted). An ALJ's error is

---

[1] The ALJ prepared two RFCs for Plaintiff. The first RFC covers the time period from the alleged onset date – May 2, 2012 – through the day prior to the disability finding – August 4, 2014. *See* AR 22. The ALJ assessed a second RFC beginning August 5, 2014, the day of the disability finding. *See* AR 22, 24-25. Because the time period at issue is between Plaintiff's alleged onset date through the date prior to the disability finding, the only RFC at issue and discussed in this Order is the first RFC. *See* AR 22.

harmless if it is "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

Dr. Gary Gaffield, D.O., examined Plaintiff on February 4, 2014. AR 359-64. Dr. Gaffield opined Plaintiff was limited to walking or standing for four hours in an eight-hour work day. AR 359, 363. On July 24, 2014, Dr. Gordon Hale, M.D., also opined Plaintiff was limited to walking or standing for four hours in an eight-hour work day. AR 126, 128. The ALJ discussed these doctors' findings, including each doctor's opinion that Plaintiff was limited to walking and standing for up to four hours. AR 23-24. The ALJ gave "great weight" to the opinions of Drs. Gaffield and Hale as they pertained to Plaintiff's functioning prior to August 5, 2014. AR 23-24.

Nevertheless, the ALJ omitted from Plaintiff's RFC that he would be limited to walking or standing for four hours in an eight-hour work day. Instead, the ALJ found Plaintiff could perform "light work," as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), and was further limited to work which:

> did not require more than occasional balancing, stooping, kneeling, crouching, crawling, or climbing of ramps or stairs; that did not require climbing of ladders, ropes, or scaffolds; and that did not require exposure to extreme temperatures, pulmonary irritants, or hazards such as open machinery or unprotected heights.

AR 22. Thus, the RFC contained no walking/standing limitation. *See* AR 22.

At the hearing, the ALJ posed hypotheticals to the vocational expert ("VE"). The first hypothetical included a limitation to "light work *that does not require standing or walking more than four hours* total in a work day." AR 80 (emphasis added). The VE responded that individual could perform the occupations of delivery driver, agricultural sorter, and cashier. AR 82. The VE further acknowledged the standing/walking limitation during his testimony, stating:

> [G]iven the fact that he's limited to only standing and walking four out of eight, that would reduce the number of jobs available. So I'm going to reduce those

down by 90 percent, leaving approximately 80,000 jobs nationally, about 1600 jobs in the State of Washington.

AR 81. The ALJ ultimately followed the VE's testimony and determined Plaintiff could perform the occupations of outside delivery driver, agricultural sorter, and cashier during the relevant time period. AR 29.

In sum, the ALJ omitted from the RFC the limitation that Plaintiff could only stand and walk for four hours out of an eight-hour work day. Yet the ALJ included this limitation in the hypothetical questions posed to the VE, and the ALJ ultimately used the VE's testimony to find Plaintiff could perform three occupations and was not disabled. As such, regardless of whether the ALJ erred by failing to include a standing and walking limitation in the RFC, any error was harmless, because it did not affect the hypothetical questions which led to the ultimate disability determination. *See Molina*, 674 F.3d at 1115 (an error is harmless if it "did not alter the ALJ's decision"). Because the ultimate disability determination would not have changed if this limitation was included in the RFC, any error regarding this limitation was harmless and does not require reversal.

## II. Whether the ALJ provided specific, clear and convincing reasons for finding Plaintiff's subjective symptom testimony not fully supported.

Plaintiff next argues the ALJ erred in finding Plaintiff's subjective symptom testimony not fully supported. Dkt. 11, pp. 6-7.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the

claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834 (citation omitted). Questions of credibility are solely within the ALJ's control. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where the determination is based on contradictory or ambiguous evidence. *Id.* at 579.

Plaintiff testified that he cannot work due to throbbing pain in his hip, leg, and arm, and due to back spasms. AR 74-75. He further testified that he could not work a job that allowed him to sit all day because his pain makes it difficult to think straight. AR 74-75. Moreover, Plaintiff said pain in his hip, leg, and back make it physically difficult for him to do even "the smallest task[s]," such as grocery shopping, vacuuming, and preparing meals. AR 66-67, 71-72. In addition to his pain, Plaintiff testified that he has hand tremors which make him "shake tremendously" and make it difficult to write or hold objects. AR 70-71.

Plaintiff reported similar limitations on June 26, 2014 in a Function Report – Adult. AR 261-68. For example, Plaintiff stated he cannot walk far, squat, bend, reach, kneel, or concentrate because he hurts "all the time." AR 261, 266. Likewise, Plaintiff said he cannot follow written or spoken instructions because his pain makes it hard to concentrate. AR 266. Plaintiff also said he can lift up to five pounds and can walk for five to ten minutes before needing to stop and rest. AR 266.

Regarding his daily activities, Plaintiff reported that he watches TV and plays with his dogs, but he only does these "weekly" due to his pain, and he needs help from family in caring for his dogs. AR 261, 263, 265. Plaintiff further stated he does not "go anywhere very often" because he will "hurt more" if he goes out. AR 265-66. Additionally, Plaintiff wrote he

sometimes prepares cereal and frozen dinners, but his pain makes it difficult to stand when he prepares food. AR 263. Plaintiff likewise stated he cannot do household chores or yard work "because of hip, back, leg, and shoulder pain." AR 264. Plaintiff reported he feels depressed because he cannot work or help at home. AR 267.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not supported by the record prior to August 5, 2014." AR 22. In particular, the ALJ determined Plaintiff's statements were unsupported by the record because:

> (1) [Plaintiff] was able to independently manage his activities of daily living prior to August 5, 2014, which is inconsistent with his testimony regarding his debilitating limitations with daily functioning. Notably, he confirmed that he was able to perform personal care activities, prepare meals, and drive. Ex. 1 F/3. He also confirmed that he was able to tend to his pets, read, watch television, and use the computer. Ex. 1 F/3.

> (2) All-in-all, the overall medical evidence of record shows that the claimant was functioning at a fairly high level and was more than capable of performing limited light level work activity prior to August 5, 2014.

AR 22-23 (numbering added).

First, the ALJ found Plaintiff's symptom testimony inconsistent with his daily activities. AR 23-24. There are two grounds under which an ALJ may use daily activities to form the basis of an adverse credibility determination: (1) whether the activities contradict the claimant's other testimony, and (2) whether the activities of daily living meet "the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, the ALJ referred to the first ground by claiming Plaintiff's daily activities were inconsistent with his testimony regarding his "debilitating limitations." AR 23-24. Yet the ALJ failed to explain how Plaintiff's daily activities were inconsistent with his subjective testimony. *See* AR 23-24. As the

ALJ did not explain "*which* daily activities conflicted with *which* part of [Plaintiff's] testimony," the ALJ erred in rejecting Plaintiff's subjective symptom testimony because of his daily activities. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

Furthermore, in discounting Plaintiff's testimony, the ALJ cited activities such as his self-care, meal preparation, driving, watching television, and using the computer. AR 24. However, discrediting Plaintiff for these activities goes against the principle that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *see also McClain v. Halter*, 10 Fed.Appx. 433, 437 (9th Cir. 2001) (evidence that Plaintiff could "socialize or perform some household chores is not determinative of disability"); *Wood v. Comm'r of Soc. Sec. Admin.*, 187 F.3d 651, at *1 (9th Cir. 1999) (ALJ erred in finding Plaintiff's pain testimony inconsistent with her ability to cook, dust, grocery shop, fish, and sew because Plaintiff "seemed to be severely limited in her capacity to do so"). Accordingly, the ALJ's assertion that Plaintiff's daily activities were inconsistent with his subjective symptom testimony was not a clear and convincing reason, supported by substantial evidence, to discount this testimony.

Second, the ALJ discounted Plaintiff's subjective symptom testimony in light of "the overall medical evidence of record." AR 24. A claimant's pain testimony cannot be rejected "solely because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (quoting *Bunnell v. Sullivan*, 947 F.3d 341, 346-47) (9th Cir. 1991) (en banc)). The same is true for a claimant's other subjective complaints. *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (holding that, although *Bunnell* was couched in terms of subjective complaints of pain, its reasoning extended to non-pain complaints as well). Given that a claimant's testimony may not be rejected solely because of

inconsistencies with the objective evidence, the ALJ did not provide legally sufficient reasons for discounting Plaintiff's subjective symptom testimony.

For the above stated reasons, the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. Therefore, the ALJ erred. Had the ALJ properly considered Plaintiff's subjective symptom testimony, the RFC and hypothetical questions posed to the vocational expert may have included additional limitations. For example, Plaintiff testified he is limited in his ability to sit, concentrate, and hold objects. Plaintiff also reported he can walk for five to ten minutes before needing to stop and rest, and he cannot squat, bend, reach, or kneel. By contrast, the RFC limited Plaintiff to no "more than occasional balancing, stooping, kneeling, crouching, crawling, or climbing of ramps or stairs." Further, Plaintiff stated he cannot follow written or spoken instructions. Because the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal.[2]

### III.    Whether the ALJ provided germane reasons to discount the lay witness testimony.

Lastly, Plaintiff argues the ALJ erred by failing to give germane reasons to reject the lay witness statements as they pertain to Plaintiff's functional limitations prior to August 5, 2014. Dkt. 11, pp. 7-10.

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). As such, lay witness testimony "cannot be disregarded without comment." *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted). To reject lay witness testimony, the ALJ must

---

[2] The Court notes the Social Security Administration has changed the way it analyzes a claimant's credibility since the ALJ issued his decision in this case. *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016); 2016 WL 1237954 (Mar. 24, 2016). On remand, the ALJ is directed to apply SSR 16-3p when evaluating Plaintiff's subjective testimony.

"expressly" disregard such testimony and provide "reasons germane to each witness for doing so." *Lewis*, 236 F.3d at 511. In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even if the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Id.* at 512.

Plaintiff's mother, father, nephew, and two sisters submitted lay witness statements on his behalf. Plaintiff's mother submitted a statement on November 10, 2015, in which she described Plaintiff's various limitations. AR 338. She wrote Plaintiff's pain is so severe that he struggles to sleep and only gets out of bed about once a day. AR 338. She stated Plaintiff "doesn't go shopping for himself and very seldom leaves the house." AR 338. Additionally, Plaintiff's mother wrote that his right hand shakes so bad "he has to guide his right hand with his left hand." AR 338. Plaintiff's father submitted a statement on November 23, 2015. AR 347. Plaintiff's father reported Plaintiff walks very slow and can only sit for about thirty minutes, the duration of which he squirms and appears uncomfortable. AR 347.

In a statement dated November 23, 2015, Plaintiff's nephew wrote that Plaintiff stays in bed because it is painful for him to do anything. AR 341. He likewise reported Plaintiff "has a really hard time living his [everyday] life" and struggles completing basic tasks like dressing himself and showering. AR 341. Two of Plaintiff's sisters also submitted statements dated November 23, 2015. AR 344, 350. One of his sisters stated Plaintiff "deals with so much pain all the time" so he "spends a lot of time in bed" and "even walking to the mailbox is tasking for him." AR 344. Plaintiff's other sister reported Plaintiff "spends most of his day sitting or sleeping" due to his pain. AR 350. She stated that he tries to walk around the house "but usually

runs out of breath and is in so much pain he has to sit down or go back to bed." AR 350. She also

reported Plaintiff's "pain has depressed him." AR 350.

With respect to this lay witness testimony, the ALJ wrote:

Their statements regarding the claimant's severe physical limitations are consistent with the overall medical evidence of record as of August 5, 2014. The undersigned gives their statements great weight as they pertain to the claimant's functioning as of August 5, 2014.

AR 28.

The ALJ gave "great weight" to the lay witness's statements as they pertain to Plaintiff's

functioning as of August 5, 2014. AR 28. The ALJ failed to state how much weight he gave

these lay witness statements prior to August 5, 2014, however. *See* AR 28. Defendant maintains

the ALJ did not err "by considering these statements in this way" because "none of these

statements included a description of Lee's ability to function prior to August 4, 2014." Dkt. 12,

p. 5. Defendant also asserts the ALJ's handling of the testimony "suggests the ALJ did not accept

these statements as evidence of his ability to function before that period because the statements

were inconsistent with the overall record prior to that period." *Id.* at 6.

Regardless of Defendant's arguments, an ALJ cannot disregard lay testimony without

comment. *Van Nguyen*, 100 F.3d at 1467. For example, the plaintiff's wife in *Van Nguyen*

provided lay testimony that plaintiff often coughed. *Id.* But the ALJ failed to include plaintiff's

"wife's descriptions of his serious coughing problems in the hypothetical to the vocational

expert, nor did he expressly state that he would discount [this] testimony or give any reasons

therefore." *Id.* Thus, the ALJ erred, because he did not include the testimony from plaintiff's

wife in the hypothetical posed to the VE, nor did he expressly reject it. *Id.*

Similarly, in this case, Plaintiff's family members provided lay testimony regarding

Plaintiff's limitations that the ALJ did not include in the hypotheticals posed to the VE, such as

Plaintiff's slow walking, his inability to sit, and that he struggles to use his hand due to tremors. Further, like the ALJ in *Van Nguyen*, the ALJ failed to expressly reject this testimony prior to August 5, 2014. Accordingly, the ALJ erred, as he did not provide any germane reason for rejecting this lay testimony prior to August 5, 2014.

Defendant's argument places great weight on the fact that these lay witness statements were completed in November 2015 and were therefore completed after the relevant time period in this case. Dkt. 12, pp. 5-6. However, if the ALJ intended to reject these lay witness statements for this reason, he must state that as his reason for doing so. *See Molina*, 674 F.3d at 1114; *Van Nguyen*, 100 F.3d at 1167.

The lay witness testimony described limitations beyond those in Plaintiff's RFC and the hypothetical questions posed to the VE. For example, the lay witness statements state Plaintiff walks slowly, cannot sit for longer than thirty minutes, and struggles using his right hand. The RFC and hypothetical questions posed to the VE did not contain these limitations. Because the ultimate disability determination may have changed, the ALJ's error was not harmless and requires reversal.

CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Therefore, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 29th day of November, 2017.

David W. Christel
United States Magistrate Judge